Maureen Amesbury, Appellant *v.* Luzerne County Institution District, Appellee.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michael J. Eagen, Jr.,* with him *John Walsh,* and *Rosser, McDonald, Marcus & Foley,* for appellant.

*Stephen A. Teller,* for appelleee.

OPINION BY JUDGE MENCER, December 8, 1976:

Maureen Amesbury (Amesbury) was an employee of the Luzerne County Institution District (Institution District) at its Valley Crest Nursing Home. On October 7, 1975, Amesbury received a letter signed by the administrator of the nursing home, informing her that she was being dismissed from her employment by the Institution District, effective at 4:30 p.m. on October 7, 1975. The letter stated three reasons for the dismissal action but, since they are not encompassed by the issue raised in this appeal, we will not enumerate them here.

On October 21, 1975, at a regularly scheduled meeting of the Institution District, Amesbury requested that a hearing be held concerning. her dismissal. On October 29, 1975, after consulting legal counsel, the Institution District refused to grant . Amesbury the hearing she requested. Amesbury then filed a petition in the Court of Common Pleas of Luzerne County seeking the issuance of a rule to show cause why she should

not be reinstated to her position of employment. The rule was granted and made returnable on December 3, 1975. During the hearing held on the rule to show cause, it was stipulated by counsel of record that Amesbury did not have a contract of employment with the Institution District and that no grievance procedures existed, by agreement or otherwise, relative to the discharge of employees by the Institution District. The trial court discharged the rule to show cause and dismissed Amesbury's petition by order under date of December 31, 1975. This appeal followed and we affirm.

The issue raised below and again here can be stated simply: Is an employee of a county institution district entitled, by the provisions of the Local Agency Law,[1] to a hearing prior to dismissal from employment?

If here the dismissal of Amesbury by the Institution District was an adjudication, as that term is defined by Section 2 of the Local Agency Law, 53 P.S. §11302, it is evident that Section 4 of the Local Agency Law, 53 P.S. §11304, requires that Amesbury be afforded reasonable notice of a hearing and an opportunity to be heard before any adjudication as to her could be valid.[2]

Section 2 of the Local Agency Law defines ''adjudication'' as follows:

'Adjudication' means any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the par-

---

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

[2] Institution districts were established and created by the County Institution District Law, Act of June 24, 1937, P.L. 2017, *as amended*, 62 P.S. §2201 et seq. The parties are not in disagreement that the Institution District is a local agency as that term is defined in Section 2 of the Local Agency Law.

ties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles or pardons.

The key words in this definition, insofar as the present case is concerned, are the words "property rights." Did Amesbury have a property right in her employment with the Institution District? If not, then there was no adjudication because the Institution District's decision to dismiss her did not affect her property rights and the definitional test of the Local Agency Law has not been met.

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).

An enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee. Here it has been stipulated that no such guarantee has been given by contract. Section 306 of the County Institution District Law, 62 P.S. §2256, provides that "[t]he commissioners of each county shall have the power to appoint and remove all necessary employes of the institution district. . . ." Thus, continued public employment is not guaranteed to employees of the institution district by statute,[3] but the right and pre-

---

[3] This salient factor is what distinguishes this case and our holding here from those cases where the right to continued employment is guaranteed by statute. *See and compare McKelvey v. Co-*

rogative to remove such employees is expressly granted to the county commissioners by statute.

Amesbury was an employee at the will and pleasure of the commissioners of the Institution District and not entitled to a constitutional due-process hearing, because she had no property interest in employment, *Bishop v. Woods,* U.S. , 48 L.Ed. 2d 684 (1976), nor to a hearing under the Local Agency Law because the Institution District did not make an adjudication as to her.

Order affirmed.

ORDER

Now, this 8th day of December, 1976, the order of the Court of Common Pleas of Luzerne County, dismissing the petition of Maureen Amesbury filed November 10, 1975 to No. 9653, is hereby affirmed.

---

*lonial School District,* 22 Pa. Commonwealth Ct. 207, 348 A.2d 445 (1975) ; *Kretzler v. Ohio Township,* 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974) ; *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972).