Lucille DeFrank, Appellant *v.* County of Greene, Richard S. Cowan, Jr., Ernest C. Lemley, Joseph C. Pawlosky and Thomas H. Boyd, Jr., Appellees.

Argued December 3, 1979, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*John A. Stets,* of *McCall, Krill & Murphy,* for appellant.

*A. J. Marion,* for appellees.

OPINION BY JUDGE CRAIG, March 11, 1980:

Lucille DeFrank (appellant) appeals from the decision and order of the Court of Common Pleas of Greene County, which sustained a preliminary objection in the nature of a demurrer by appellee Greene County (county) and dismissed appellant's equity suit seeking reinstatement to her former position as

director of nursing at the county-operated Curry Memorial Home.

Appellant was dismissed from that position *by the acting administrator of the facility,* by his letter of June 30, 1978. Appellant sued for reinstatement alleging that her summary dismissal was arbitrary and a denial of due process because she was not provided with any statement of the grounds for her discharge, nor was she afforded a hearing before the county commissioners. She claims that her right to a hearing is guaranteed by a Personnel Policy Manual covering employees at the facility at the time of her discharge.

The manual, the existence of which is admitted by the county's pleading, provides under the heading, "WHEN THINGS GO WRONG OR YOU HAVE A PROBLEM," that:

If the time should come when you feel you have a complaint or a problem, follow this procedure: First, talk things over with your supervisor. If this fails to provide a satisfactory answer, talk it over with your department head. If this fails to provide a satisfactory answer, write it out briefly and submit it to the administrator. The administrator will gather all the facts, contact the people involved, then work out a solution.

If no solution is reached, you will have the *right of a hearing before the Board of Commissioners.*

Union employees should follow the grievance procedure set forth in the contract.

All employees should follow the above stated procedure through which they may present their grievances. *The administrator is interested in you and you can be sure of job security when you do your assigned task.* (Emphasis supplied.)

In another section, the manual lists ten criteria under the heading "JUSTIFIABLE REASONS FOR DISCIPLINARY ACTION OR DISMISSAL."[1]

Clearly, the manual by its own terms purports to afford employees at the facility a process by which to present grievances, and likewise purports to guarantee those employees the right of a hearing before the county commissioners. This distinguishes *Amesbury v. Luzerne County Institutional District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976), cited by the county, because that case proceeded on a stipulation that there was no "contract of employment with the Institution District and that no grievance procedures existed, by agreement *or otherwise*, relative to the discharge of employees." (Emphasis ours.) *Amesbury, supra*, 27 Pa. Commonwealth Ct. at 420, 366 A.2d at 632.

The county argues, however, that the manual's provisions do not establish such an enforceable expectation of continued employment as would require due process rights with regard to dismissal, contending

---

[1] JUSTIFIABLE REASONS FOR DISCIPLINARY ACTION OR DISMISSAL

1. Abuse to residents, other employes and visitors.
2. Dishonesty or theft.
3. Insubordination.
4. Excessive absenteeism.
5. Willful or inconsiderate acts involving residents, personnel or equipment.
6. Use of habit forming drugs.
7. Reporting for duty in an intoxicated condition or using intoxicants while on duty.
8. Sleeping on duty.
9. Performing malicious, abusive or destructive acts harmful to persons or property.
10. Use of abusive language.

These rules and regulations are established for your guidance. Your own good judgment will tell you what is the right and wrong thing to do.

that the manual is not binding against the commissioners because it was promulgated by a past administrator of the facility, and has never been adopted or ratified by any formal action of the commissioners. Further, the county argues, the action of a past administrator cannot operate as an estoppel against the county, because the power to hire and fire, and thus to establish subsidiary personnel policy, is statutorily vested in the commissioners, and the former administrator thus acted in excess of his authority.

The lower court agreed, stating in its opinion that, although the commissioners' statutory authority over personnel is administrative and delegable, "until there has been, . . . [a] resolution or other official action by the board, clearly granting that authority, an officer in the county's employee [sic] cannot presume such authority." The court further stated that "[e]ven though this policy manual was drawn up, was circulated among the employees, and was thought by the plaintiff and others to have had the blessing of the board," and was used in fulfillment of the "requirement of state and federal agencies for finding [sic] and the satisfaction of state administrative requirements,"[2] the quoted language purporting to grant employees the right to a hearing was "at most, an administrative admonition that the commissioners are their employers, and, in that capacity, could hear the matter if they preferred to do so."

---

[2] Regulations of the Department of Health provide at 28 Pa. Code §201.24:

> (a) The governing body, through the Administrator, is responsible for implementing and maintaining written personnel policies, procedures, and job descriptions that support sound patient care and personnel practices.

For clarity, we note that "governing body" is used generically to mean the governing body of the health facility, which in this case is coincidentally a political subdivision's governing body as well.

Appellant does not derogate the commissioners' statutory authority over personnel policy; nor does she contend that power to be limited by statute, or modified by express contract. Further, appellant admits that the manual has never been the subject of any formal action by the commissioners.

Appellant does submit that the county should be estopped from denying the operative validity of the manuel, because it has existed and been used since 1971. Appellant rightly points out that the commissioners were aware of the manual and have acquiesced in its validity by submitting it to satisfy state and federal requirements for funding and operation of the facility, and that the commissioners, in past dealings with employees at the facility, have directed them to the manual as documentation of policy. Additionally, appellant argues that because the administrator was clothed by the commissioners with the power to hire and fire without formal action, he is impliedly authorized to establish procedures for the exercise of that power. Appellant submits that this course of conduct on the part of the county establishes an estoppel against it.

We agree that an estoppel against the county is appropriate in this case. The record reveals unchallenged and uncontroverted testimony to the effect that the manual was incorporated into the orientation of new employees as early as 1971, and that, as part of the orientation, employees were required to acknowledge receipt and understanding of the manual's provisions; that the manual has been submitted to the state as evidence of compliance with the requirement of written personnel policies; and that, when requested to establish more detailed documentation of policy and employee rights, the former commissioners declined to do so on the basis that the existing manual should have been sufficient.

The county's argument against estoppel misperceives that doctrine as applied to municipalities. Although one dealing with municipal officials is generally bound to know the limitations of their authority, *Luzerne Township v. Fayette County*, 330 Pa. 247, 199 A. 327 (1938), that rule is not absolute and requires inquiry into the nature and character of the representations upon which the estoppel is to operate.

Our Supreme Court enunciated the principles to be followed in this regard:

> This court in Breinig et ux. v. Allegheny Co. et al., 332 Pa. 474, 485, 2 A.2d 842, 849, reiterated the principle that 'a municipality like a private corporation is subject to the doctrine of estoppel [citing cases]. It may be estopped to deny the authority of its agents and employees to act if it has the power to, and by its conduct does, clothe an agent with the appearance of authority [citing cases], though it cannot be bound for an act of its agent in excess of its corporate powers, or in violation of positive law, or for an act requiring legislative or executive action.'

*Ervin v. Pittsburgh*, 339 Pa. 241, 250-51, 14 A.2d 297, 301 (1940), cited with approval in *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979).

Applying those principles, we do not see that what has transpired here falls within any of the three above situations which the Supreme Court excluded from the application of an estoppel. By the reasoning of the lower court, with which the county takes no issue, the authority of the commissioners over personnel matters is "ministrative [sic], and can be delegated." No positive law prohibits such a delegation, which the commissioners here accomplished by vesting the administrator with authority to exercise their power to

hire and fire. The commissioners affirm that delegation by their stout defense of the administrator's firing action in this very case.

Equitable estoppel is a doctrine of fundamental fairness, designed to preclude a party from depriving another of the fruits of a reasonable expectation when the party inducing the expectation knew or should have known that the other would rely. *Commonwealth ex rel. Gonzalez v. Andreas,* 245 Pa. Superior Ct. 307, 369 A.2d 416 (1976).

We believe that an employee's expectation of the operative validity of a document is fully reasonable when that document is held out by her superiors, to both the employee and the state, as an embodiment of the personnel policy of the employer. To allow a political entity to represent to its employees, through its chief administrators, their "right to a hearing" and an assurance of "job security," and then to permit that entity to disavow those words of entitlement when an employee takes those words at their face value, would violate any conception of fundamental fairness. To reject an estoppel here would amount to placing our imprimatur upon an inequitable manipulation of employees' legitimate expectations as to the stated terms and conditions of their relationship with their employer.

Therefore, we conclude that the court below erred in granting the county's preliminary objection, and we will reverse and remand the case for appropriate action.

### Order

And Now, this 11th day of March, 1980, the order of the Court of Common Pleas of Greene County dated February 6, 1979, is hereby reversed, and this case is remanded to the court below for further proceedings in accordance herewith.

38

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.