Sadie Rose Hoffman, Appellant *v.* Montour County, Appellee.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*John A. Mihalik*, of *Hummel, James & Mihalik*, for appellant.

*Robert W. Buehner, Jr.*, of *Marks and Wagner*, for appellee.

OPINION BY JUDGE CRAIG, March 13, 1980:

Sadie Rose Hoffman (employee) appeals from an order of the Court of Common Pleas of Montour County, which dismissed her appeal because the action of the Montour County Board of Commissioners (commissioners) discharging her from her public employment did not constitute an adjudication as defined by Section 11302 of the Local Agency Law,[1] so as to entitle her to a due process hearing by the county and an appeal to court.

On December 8, 1977, the commissioners discharged the employee from her position as assistant tax assessor for the county. A vociferous disagreement between employee and her supervisor a couple of days earlier precipitated the commissioners' action. At the employee's request, the commissioners held a hearing on the matter of her discharge, and decided not to reinstate her.

This case is controlled by our holding in *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). There we

---

[1] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11302, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, §20002(a) [1429]. A similar provision is found in the Administrative Law and Procedure Code, 2 Pa. C.S. §101.

held that an employee's discharge had to affect a property right in the employment in order to constitute an adjudication requiring a due process hearing under Section 11304 of the Local Agency Law.[2]

The specific issue therefore is whether or not the employee had any property right in her county position.

Here, as in *Amesbury, supra,* the employee had no statutory or contractual rights granting tenure in her public employment. Thus, she was an employee at will who could be discharged at any time. Employee's status, devoid of any property rights in her employment, made a hearing unnecessary before discharging her. Hence, the commissioners were not required to adhere to due process standards at the hearing they voluntarily granted her.

The employee also contends that she was discharged for exercising her first amendment right of free speech. Because the subjects of the disagreement were purely personal concerns (whether justified or not) constitutionally-protected speech was not involved. We therefore must consider the free speech argument devoid of merit.

Accordingly, we affirm the decision of the lower court.

### ORDER

AND Now, this 13th day of March, 1980, the January 5, 1979 order of the Montour County Court of Common Pleas is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

[2] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11304, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, §20002(a) [1429]. A similar provision is found in the Local Agency Law, 2 Pa. C.S. §553.