Theresa J. Barrett, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Robert G. Scanlon, Secretary, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for petitioner.

*Wayne M. Richardson,* Assistant Attorney General, with him, *Patricia A. Donovan,* Deputy Attorney General and Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, May 21, 1980:

Theresa J. Barrett (petitioner) appeals here from an order of the Secretary of Education (respondent) which upheld her demotion from the position of Education Director to the position of teacher at the Scranton State School for the Deaf. The petitioner contends that this demotion was illegal because she was never afforded the opportunity for a hearing. The respondent submits that the petitioner, as a non-teacher at the School for the Deaf, had no statutory entitlement to a hearing before being demoted.

The petitioner does not claim any contractual right to a hearing. It is incumbent upon her, therefore, to prove a statutory entitlement to one, for we have previously held that "[a]n enforceable expectation of continued public employment can exist only if the employee, by statute or contract, has been granted some form of guarantee." *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976). She relies on Section 1151 of the Public School Code[1] of 1949 (Public School Code), 24 P.S. §11-1151, which provides that no demotion of a professional employee in a school district may be made without first affording the employee a hearing. She is not, however, a professional employee in a school district but rather is an employee of a state institution. And, with respect to employees of that institution, Section 1926 of Article XIX of the Public School Code, 24 P.S. §19-1926 provides that:

> *[T]eachers* in the Pennsylvania State Oral School for the Deaf [now known as the Scran-

---

[1]Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

ton State School for the Deaf] ... shall enjoy the same privileges, including tenure rights, and be subject to the same laws as a *teacher* in the public schools of the Commonwealth. (Emphasis added.)

It is undisputed that, at the time of her demotion, the petitioner was not a teacher at the Scranton School. She argues, however, that the rights afforded teachers by this section of the Public School Code extend to her as a professional employee. We cannot agree.

The rights and privileges of employment of public school teachers are set forth in Article XI of the Public School Code which contains the following definition of professional employee:

The term 'professional employee' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries....

Section 1101 of the School Code, 24 P.S. §11-1101(1).

Article XI and Article XIX of the Public School Code were enacted contemporaneously, and Section 1926, 24 P.S. §19-1926, makes specific reference to the employment rights set out in Article XI. These provisions are therefore in pari materia and must be construed together if possible. *See* Section 1932 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1932. We cannot agree, therefore, with the petitioner's position that the legislature in defining teachers as one portion of the class of professional employees covered by Article XI intended that same term to mean all professional employees when used in Article XIX. It is

obvious that, if the legislature intended to extend the employment rights of Article XI to all professional employees of the Scranton State School and not just to teachers, it would have specifically provided for such. We are supported in this conclusion by our Supreme Court's observation that "where the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating." *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 155, 166 A.2d 278, 281 (1960).

For the foregoing reasons the order of the Secretary of Education is affirmed.

### ORDER

AND Now, this 21st day of May, 1980, the order of the Secretary of Education in the above-captioned matter is hereby affirmed.