Stanley A. SKROCKI

v.

Joseph CALTABIANO, Henry Kauflie, Jr., Edmond Walsh, Amos Shaner, Robert Gilmartin, Richard Stricker, D. Anthony Calafati, Robert Quinn, Mary Madill, John Farrell, and Robert N. Rosenberger, individually and in their official capacity as council members of the Borough of Lansdale at all times relevant to this action; F. Lee Mangan, individually and in his official capacity as the Borough Manager of the Borough of Lansdale; Edward Olander, individually and in his official capacity as Electric Department Superintendent of the Borough of Lansdale; Walter M. Shull, individually and in his official capacity as Office Manager of the Borough of Lansdale; Richard Roe and John Doe, and the Borough of Lansdale.

Civ. A. No. 80–3132.

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1981.

David A. Scholl, Allentown, Pa., for plaintiff.

C. Stephens Vondercrone, Jr., Lansdale, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

To state a viable cause of action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, a plaintiff must allege that defendants acted under "color of law" to deprive him of rights secured by the Consti-

tution or laws. *Dennis v. Sparks*, —— U.S. ——, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). *See also Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981). In the case at bar plaintiff alleges that defendants conspired to remove him from his position as supervising manager of public works and utilities of the Borough of Lansdale, Pennsylvania, and deprived him of procedural due process rights under the Fourteenth Amendment and "his right to liberty to preserve his professional reputation and earning ability against unwarranted accusation" under the First, Fourth, Fifth and Fourteenth Amendments. Defendants, now moving to dismiss, contend that the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

■ Generally, the Fourteenth Amendment protects against deprivation of life, liberty or property without due process of law. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). To invoke the aegis of this constitutional guarantee, plaintiff must identify impairment of one of these interests. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). First, plaintiff contends that he had a property interest in his employment. Importantly, state law, not the federal Constitution, creates and defines the contours of "property rights". *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The sufficiency of the claim of entitlement must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In Pennsylvania, absent an express statutory or contractual right granting tenure in his public employment, plaintiff remains "an employee at will who could be discharged at any time". *Hoffman v. Montour County*, —— Pa.Cmwlth. ——, 411 A.2d 1319 (1980). *See also Amesbury v. Luzerne County*, 27 Pa.Cmwlth. 418, 366 A.2d 631 (1976). Although plaintiff referred frequently to "express provisions" of his employment con-

tract, upon inquiry by the Court, plaintiff admitted that the parties did not execute a *written* contract. Of course, an *oral* contract of employment may be enforceable. *Taylor v. Stanley Co.*, 305 Pa. 546, 158 A. 157 (1932). However, where the parties agree to an arrangement of terms in contemplation of a written contract an action cannot be maintained thereon unless the party seeking to enforce the agreement shows acts or declarations evincing an intention that the agreement operate prior to and without regard for a written contract. *George W. Kistler, Inc. v. O'Brien*, 464 Pa. 475, 347 A.2d 311 (1975), *Onyx Oils & Resins Co. v. Moss*, 367 Pa. 416, 80 A.2d 815 (1951). In other words, preliminary negotiations do not constitute a contract. *Whitemarsh Township Authority v. Finelli Brothers, Inc.*, 408 Pa. 373, 184 A.2d 512 (1962). However, if the parties orally agree to all of the terms of a contract between them and mutually expect the imminent drafting of a written contract reflecting their previous understanding, the oral contract may be enforceable. *Ketchum v. Conneat Cake Co.*, 309 Pa. 224, 163 A. 534 (1933). In the case at bar plaintiff has not alleged any acts or declarations demonstrating the parties' intent that their agreement operate prior to or without regard for a written contract. In fact, the complaint quite clearly indicates that the parties neither agreed to *all* of the terms of the alleged contract nor intended any operative effect thereof prior to execution. For example, plaintiff alleged that one of the specific terms of the proposed contract included a salary increase, which plaintiff admits was "not expressed openly at the meeting [but] was known by all parties to the agreement to be a material condition thereto". However, plaintiff's first and subsequent pay checks reflected a reduction in salary. Undoubtedly, the parties' acts by plaintiff's own admissions did not reflect an intention to create a binding contract. To say that defendants agreed to a contract of employment contradicts not only the thrust of plaintiff's complaint, which alleges a con-

spiracy antedating the supposed agreement and designed to effect plaintiff's removal from office, but also plaintiff's argument that the overt acts furthering the conspiracy also evidenced an intent by the conspirators to consummate an oral, deceptive and yet *binding* employment contract.

Several other considerations deserve recognition. Although a contract need not be written in order to establish a protectable interest under the Fourteenth Amendment, *Perry v. Sindermann, supra*, state law governs the creation of those rights. Where state law does not recognize such a right, the Constitution does not invent or devise one. *Bishop v. Wood, supra*. Moreover, plaintiff's subjective expectation of continued employment did not spawn a property or liberty interest activating protectable procedural due process rights. *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969), *cert. denied*, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970). *See generally Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa.1980).

Notwithstanding these grave doubts concerning the existence of any protectable property interests in plaintiff's employment, to dismiss the complaint at this early stage in the proceedings could conceivably offend the generous construction which §·1983 should be afforded in order to augment the Congressional purpose of providing a remedy and vehicle for vindication of "cherished constitutional guarantees". *Gomez v. Toledo*, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980), quoting *Owen v. City of Independence*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). Allowing discovery to proceed with the possibility of subsequent motions for summary judgment seems to be a fairer way to resolve the question.

Plaintiff also claims a liberty interest in preserving his future professional reputation and earning capacity. In *Board of Regents v. Roth, supra*, the Supreme Court held that the concept of liberty did not include the non-retention of an untenured college instructor. In *Bishop v.*

*Wood, supra*, the court decided that

the same conclusion applie[d] to the discharge of a public employee whose position [was] terminable at the will of the employer *when there [was] no public disclosure of the reasons for the discharge* . . . Since the former communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his "good name, reputation, honor or integrity" was thereby impaired. (Emphasis added.)

In the case at bar plaintiff alleged that the meeting in February 1978 during which he and borough council discussed his change in jobs from borough manager to supervising manager of public works and utilities occurred during a closed-door session. At the regular monthly meeting plaintiff publicly submitted his resignation as borough manager. Plaintiff has not alleged that any defendant charged him *publicly* with malfeasance, nonfeasance or any other conduct impugning his integrity or reputation. Furthermore, in August 1978 during another closed-door session the council presented certain accusations against plaintiff, who resigned the next day. *Cf. Bishop v. Wood, supra* (no abridgment of plaintiff's liberty interest where the communication terminating his employment was not made public and was transmitted to him orally in private), *McKnight v. Southeastern Pennsylvania Transportation Authority*, 583 F.2d 1229 (3d Cir. 1978) (curtailment of plaintiff's liberty interest where he alleged communication to others). At best plaintiff claims that the nature of the allegations leveled against him at a closed-door hearing implicitly attacked his professional reputation because his resignation became public knowledge, although the accusations did not. Even assuming the truth of plaintiff's allegations that the charges against him were false, *Bishop v. Wood, supra*, the veracity or prudence of council's accusations

neither enhances nor diminishes plaintiff's claim that his constitutionally protected interest in liberty has been impaired. A contrary contention would enable every discharged employee to assert

a constitutional claim merely by alleging that his former supervisor made a mistake. *Bishop v. Wood*, 426 U.S. at 349, 96 S.Ct. at 2079.

■ Defendant also urges the Court to dismiss the complaint as time-barred. Section 1983 does not specify a statute of limitations; therefore, the most nearly analogous state statute of limitations must be used. *Board of Regents v. Tomanio*, 478 U.S. 446, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Proper selection requires divining the essential nature of plaintiff's federal claim, *Liotta v. National Forge Co.*, 629 F.2d 903 (3d Cir. 1980), *Davis v. United States Steel Supply*, 581 F.2d 335 (3d Cir. 1978), which in the case at bar sounds in breach of contract, a cause of action which Pennsylvania law recognizes for six years. See 12 P.S. § 31. Accordingly, plaintiff's claim is not time-barred.

■ Lastly, defendant moves to dismiss the complaint on the grounds that plaintiff fails to plead his claims with requisite specificity. In this circuit that obligation scarcely requires citation. *See Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107 (E.D.Pa.1980) and cases cited therein. Plaintiff has not specifically identified any facts or circumstances which would suggest transgressions of his First and Fourth Amendment rights. Plaintiff also failed to identify any illegal, official borough policy, the implementation of which gives rise to a cause of action under Section 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, plaintiff shall amend the complaint within ten days of the date of the accompanying order and specify the basis of his First and Fourteenth Amendment claims. Plaintiff shall also identify the borough policy forming the foundation of his claim against the borough or suffer dismissal of these claims. *See Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D. Pa.1980). In all other respects defendant's motion will be denied.