Stanley A. SKROCKI

v.

Joseph CALTABIANO, Henry Kauflie, Jr., Edmond Walsh, Amos Shaner, Robert Gilmartin, Richard Stricker, D. Anthony Califati, John Farrell, Robert Quinn, Mary Madill, and Robert N. Rosenberger, individually and in their official capacity as Council members of the Borough of Lansdale at all times relevant to this action; F. Lee Mangan, individually and in his official capacity as the Borough Manager of the Borough of Lansdale; Edward Olander, individually and in his official capacity as Electric Department Superintendent of the Borough of Lansdale; Walter M. Shull, individually and in his official capacity as Office Manager of the Borough of Lansdale; Richard Roe and John Doe, and the Borough of Lansdale.

Civ. A. No. 80–3132.

United States District Court,
E. D. Pennsylvania.

April 13, 1981.

David Scholl, Lehigh Valley Legal Services, Allentown, Pa., for plaintiff.

C. Stephens Vondercrone, Lansdale, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A civil rights plaintiff's duty to plead his claim with specificity scarcely requires elaboration. *See Boddorff v. Publicker Industries, Inc.*, 488 F.Supp. 1107 (E.D.Pa.1980) and cases cited therein. In the case at bar, the court directed plaintiff to identify the facts and circumstances giving rise to violations of his First and Fourth Amendment rights as well as any illegal official borough policy, the implementation of which would infract the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Skrocki v. Caltabiano*, 505 F.Supp. 916 (E.D.Pa.1981). Subsequently, plaintiff filed an amended complaint in which he purported to remedy these defects. Defendants now move to dismiss these claims on the grounds that plaintiff has failed to state a claim upon which relief can be granted. *See* Fed.R. Civ.P. 12(b)(6).

█ Plaintiff argues that defendants breached an oral contract of employment and violated his constitutional rights by failing to follow procedures comporting with due process of law and that by

> implementing a decision officially adopted and promulgated by the duly authorized officers of the defendant borough which deprived the plaintiff of his rights the borough is also liable to the plaintiff pursuant to 42 U.S.C. § 1983. (Complaint ¶ 66)

Plaintiff considers this allegation sufficiently precise to state a claim and seeks support in language from *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which held that

> [l]ocal governing bodies ... can be sued directly under § 1983 for monetary relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially *adopted and promulgated by that body's officers.* (emphasis added)

However, plaintiff still has not identified the decision which the borough officially adopted and which violated his constitutional rights. Plaintiff's conclusory statements in ¶ 66 quoted above simply do not sufficiently apprise defendant of plaintiff's claim. Therefore, plaintiff shall amend ¶ 66

within ten days of the date of the accompanying order and shall comply with this directive by specifying which decision, if any, adopted and promulgated by the borough council violated his constitutional rights.

▇▇▇▇ Plaintiff also attempted to specify his Fourth Amendment claims by alleging that defendants' conduct violated

his right to be free from unreasonable seizures of his right to his property interest in his employment and reputation, in violation of the Fourth and Fourteenth Amendments of the Constitution.

The Fourth Amendment protects individuals from unreasonable searches and seizures of their "persons, houses, paper and effects". A cause of action will be recognized under Section 1983 where a person's right to be free from illegal searches and seizures of himself and his property has been violated. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Services, supra.* Not surprisingly, plaintiff has cited no authority for the proposition that a person's alleged property interest in his employment can be "seized" within the meaning of the Fourth Amendment to deprive him of a constitutional right within the meaning of Section 1983. *Cf. Curran v. Dural,* 512 F.Supp. 699, at 703 (E.D.Pa.1981) ("being forced to incur the cost of legal counsel to defend an action the initiation of which does not itself violate a constitutional right is not a seizure of property within the meaning of the Fourth and Fourteenth Amendments"). Plaintiff has failed to show that defendants deprived him of a right secured by the Constitution, *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), and therefore defendants' motion to dismiss plaintiff's claim under the Fourth Amendment will be granted.