## Gregg v. Commonwealth of Pa.
## Dept. of Transportation

*Hubert X. Gilroy,* for plaintiff.

*David F. Snyder,* for defendant Pennsylvania Department of Transportation.

*Robert L. O'Brien,* for additional defendant Gregg.

SPICER, *P.J.,* March 23, 1983—This suit in assumpsit involves the personal representatives of two decedents who seek damages for the accidental death of those decedents. Suit was originally brought by one personal representative against Pennsylvania Department of Transportation

(PennDOT) and the other personal representative was joined as a party.

The deaths occurred as a result of a one-car accident November 13, 1981. One decedent was driving the car and the other was a passenger when the car left the highway, Pennsylvania Route 233, at or near a curve and struck a tree stump. Plaintiff sued PennDOT alleging negligent maintenance of the highway, including failure to have installed guard rails.

In pursuit of her claim, plaintiff filed a series of interrogatories and requests for the production of documents. PennDOT has refused to respond, asserting a privilege it argues is created in 75 Pa. C.S.A. §3747, 3751, 3753, and 3754. We are attaching the provisions of these sections as an appendix to this opinion. Plaintiff has moved to compel PennDOT to provide the requested information, which included the following:

Do you keep records concerning a history of accidents which occurred on the portion of Pa. route 233 in question? If so, where is the location of those records? Please attach a copy of those records or make those records available for inspection and copying. This question shall pertain to the entire length of Pa. Route 233 from its intersection with Route 30 as it goes North for a direction of 10 miles. (Interrogatories, First Set, Question 11)

Identify by date any accident analysis compiled, as a traffic study element, prior to the accident in question, in accordance with Title 67, PA. Code §201.5[1] for Pa. Route 233 in Adams County. Attach

1. Chapter 201 of Title 67 of the Pa. Code is titled "Engineering and Traffic Studies." An "engineering and traffic study" is defined as "[a]n orderly examination or analysis of physical features and traffic conditions conducted in accordance with regulations of the Department and conforming to

a copy of each analysis or make a copy of each study available for inspection and reproduction. (Interrogatories, Second Set, Question 1)

Attach or make available for inspection a compilation of statistical information, pursuant to Title 67, PA. Code §95.3,[2] for Pa. Route 233 in Adams County from its intersection with Route 30 as it goes North for a distance of 10 miles, comprising of the:

a. Total number of accidents during the last 20 years.

---

generally accepted engineering standards and practices for the purpose of ascertaining the need or lack of need for a particular action by the Department or local authorities." 67 Pa. Code §201.1. According to 67 Pa. Code §201.5, an "engineering and traffic study" shall give consideration to some 21 "elements," including an "accident analysis." An accident analysis is:

An orderly review and evaluation of the root causes of all accidents involving vehicles or pedestrians at a given location or within a given area along a highway. An accident analysis should include the development of a collision diagram and shall consider the following items:

(i) Total number of accidents during last three years.

(ii) Number of accidents by type or causation factor.

(iii) Vehicle type involved.

(iv) Pedestrian involvement.

(v) Type of traffic control present.

(vi) Roadway or intersection geometrics.

(vii) Cause of accident.

(viii) Time of accident.

(ix) Environmental conditions—rain, snow, fog, ice, clear, sunny, dry roadway, wet roadway, snow on roadway, ice on roadway, and so forth. 67 Pa. Code §201.5(1)

2. 67 Pa. Code §95.3(a) provides: "Compilations of data and statistical information shall be made available at the discretion of the Department, based on the Department's evaluation of the public interest served by the requested compilation and the ability of the Department to provide the data without undue interference with mandated Department functions."

b. Number of accidents by type or causation factor.

c. Vehicle type involved.

d. Pedestrian involvement.

e. Cause of accident.

f. Time of accident.

g. Environmental conditions.

h. Frequency of accidents with the same causation factor.

i. Location of accident along Route 233 in Adams County. (Interrogatories, Second Set, Question 2) (footnotes added)

The issues originally raised and argued by plaintiff related to privilege. That issue can be stated: "Do the sections of the Vehicle Code create a privilege that can be asserted by PennDOT?"

The issue concerns statutory construction of the sections. It is apparent that however liberally the discovery rules should be interpreted, the information is not subject to discovery if there is a statutory privilege that PennDOT can assert. Pa. R.C.P. 4003.1, 4011(c).

At time of oral argument, plaintiff raised another issue. She contended that PennDOT could not deny her the information sought without depriving her of property rights under the Fifth and Fourteenth Amendments to the U. S. Constitution.

Plaintiff has not precisely defined what rights she feels are being impaired by the assertion of privilege. We assume she is contending, that, without the information requested, she is unable to proceed in a meaningful way and is thus being deprived of procedural due process.

PennDOT, in its supplemental brief, argues that this action is proof enough that plaintiff is being af-

forded procedural due process, citing United States ex rel. Hoss v. Cuyler, 452, F. Supp. 256 (E. D. Pa. 1978).

If we asume that plaintiff's claim of a constitutionally protected right is more sophisticated than the Commonwealth's understanding, we focus not on the procedural safeguards for determining privilege but on the ability to pursue plaintiff's claim. What this amounts to is an almost per se announcement that the government may never restrict a citizen's ability to litigate by withholding information.

The court does not find it necessary to decide this sweeping issue. Certainly, the Commonwealth is correct that the Rules of Civil Procedure provide ample means of litigating the claim to privilege. Plaintiff has a property right in her cause of action against the Commonwealth only by virtue of state law. Skrocki v. Caltabiano, 505 F. Supp. 916 (E.D. Pa. 1981), citing Bishop v. Wood, 426 U.S 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The legislature is empowered to immunize PennDOT from suit if it chooses to do so. See Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A.2d 709 (1978).[3] If the legislature can ban suit altogether, it certainly can prevent disclosure of information which might concern the suit.

Therefore, the resolution of plaintiff's present claim depends entirely upon statutory construction.

Three fairly recent lower court cases have dealt with situations almost identical to that presented

---

3. In Mayle, the Pennsylvania Supreme Court said:
The history of the adoption of this section indicates that the Framers of 1790 intended to allow the Legislature, if it desired, to choose cases in which the Commonwealth should be immune, but did not intend to grant constitutional immunity to the Commonwealth. Id. at 400, 388 A.2d at 717.

here. Perhaps not surprisingly, since discovery cases rarely are decided by appellate courts, the three cases present disparate views. Mayfield v. PennDOT, 23 D.&C.3d 79 (1982) holds all information to be privileged. Lindsey v. PennDOT, 23 D.&C.3d 202 (1982) holds none of it is privileged. Simon v. Allegheny County, 23 D.&C.3d 360 (1982) holds some of it is and some of it isn't.

We decline to establish a fourth point of view. Three are quite sufficient.

There are portions in all three opinions with which we agree and others with which we disagree. However, on balance, we think the approach taken in Simon is very sensible and we adopt it. We will, in fact, issue the same order entered in that case.

## ORDER OF COURT

And now, March 23, 1983, the Commonwealth is directed to respond to the interrogatories except as they pertain to information or records prepared by the Commonwealth in connection with any in-depth accident investigations. The Commonwealth shall have 30 days in which to comply.