**Stanley A. SKROCKI**

v.

**Joseph CALTABIANO, et al.**

**Civ. A. No. 80–3132.**

United States District Court,
E.D. Pennsylvania.

Aug. 9, 1983.

Thomas E. Weaver, Jr., Catasauqua, Pa., for plaintiff.

Andrew A. Solomon, Paoli, Pa., for Borough of Lansdale.

C. Stephens Vondercrone, Jr., Lansdale, Pa., for individual defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, the former supervising manager of public works and utilities of the Borough of Lansdale, instituted this action against the Borough of Lansdale, its council members and several individual employees of the borough. He alleges that defendants conspired to remove him from his position with the borough, deprive him of procedural due process and the "liberty" interest incident to his professional reputation and earning capacity. *See, Skrocki v. Caltabiano,* 511 F.Supp. 651 (E.D.Pa.1981); *Skrocki v. Caltabiano,* 505 F.Supp. 916 (E.D.Pa. 1981). Defendants, moving for summary judgment, argue that plaintiff was at all times an "at will" employee and that he has suffered no deprivation of "liberty" attributable to defendants' conduct. We agree and grant the motion.

Public employees in Pennsylvania generally serve "at will" and can be discharged at any time. *Hoffman v. Montour County,* 50 Pa.Cmwlth. 101, 411 A.2d 1319, 1320 (1980); *Amesbury v. Luzerne County Institution District,* 27 Pa.Cmwlth. 418, 366 A.2d 631, 633 (1976). However, where civil

service protections exist or where the employee has an enforceable contract, specified substantive rights attach and job holders must be accorded due process prior to adverse job action. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Absent a recognized substantive right, no legal process is available and none is required before discharge or demotion. *See e.g., Sames v. Gable,* 542 F.Supp. 51 (E.D.Pa.1982). Here, plaintiff alleges that he was fired in derogation of an oral employment contract which he had with the Borough of Lansdale. This contract, plaintiff believes, rises to a substantive right and must be accorded due process protection. We disagree.

■ Employees of the Commonwealth, or its political subdivisions, are protected against adverse job action by procedural due process when they have a property interest in their job. Importantly, whether such an employee has a property interest is determined by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Rosenthal v. Rizzo,* 555 F.2d 390, 392 (3d Cir.), *cert. denied,* 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977).

■ Pennsylvania does not, however, view public employment as a substantive property right. Specifically, *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960), held that public employees are generally classified as having "at will" status. A contract which purports to secure employment for a specified length of time does not alter this rule. The reason is this: Municipal entities have no authority to whimsically "contract away" the "sound principles of law and public policy . . . fundamental to a scheme of good government". *Id.* at 157, 166 A.2d 278. Hence, employment contracts entered into by municipal entities are valid only where the municipality's right to do so is "expressly" set forth in the enabling legislation. *Scott v. Philadelphia Parking Authority,* 402 Pa. at 157, 166 A.2d 278. Absent such explicit legislative authority, the employment contract is "invalid and unenforceable in its entirety".

*Scott v. Philadelphia Parking Authority,* 402 Pa. at 158, 166 A.2d 278. Indeed, no right to a "for cause" dismissal exists unless the legislature has "expressly provide[d] tenure for a given class of employees". *Clyde v. Thornburgh,* 533 F.Supp. 279, 283 (E.D.Pa.1982), quoting, *Mahoney v. Philadelphia Housing Authority,* 13 Pa.Cmwlth. 243, 320 A.2d 459 (1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975).

State legislative commands evidence no intent, express or otherwise, to allow a borough council to establish tenure-like relationships with its employees. For example, 53 Pa.Stat.Ann. § 46005(1) mandates that, except for a narrow class, "[a]ll [borough] . . . employees . . . shall serve for an indefinite term at the pleasure of the council". Additionally, borough managers are "subject to removal at any time"; their position may also be "create[d]" or "abolish[ed]" by council. 53 Pa.Stat.Ann. § 46141.

■ These legislative enactments negate any notion that the Borough of Lansdale has any authority to enter into a binding five-year employment contract with plaintiff. Absent such authority, any contract entered into is "invalid and unenforceable". *Scott v. Philadelphia Parking Authority,* 402 Pa. at 158, 166 A.2d 278. Therefore, summary judgment is properly entered against plaintiff on his claim that defendants violated procedural due process when they fired him. *Clyde v. Thornburgh,* 533 F.Supp. at 284.

■ Neither was plaintiff deprived of due process for the deprivation of any rights secured by the Pennsylvania Local Agency Law. 2 Pa.Con.Stat.Ann. § 101 *et seq.* Specifically, plaintiff points out that 2 Pa.Con.Stat.Ann. § 553 provides due process guarantees to those whose rights have been the subject of an "adjudication" by a local agency. Decisions made in violation of this section are deemed invalid. *Id.*

Assuming that municipal entities which render administrative decisions operate as "local agenc[ies]", *Kretzler v. Ohio Township,* 14 Pa.Cmwlth. 236, 322 A.2d 157, 159

(1974), plaintiff urges that the defendants' decision to fire him was an "adjudication". Plaintiff, therefore, reasons that the full panoply of rights associated with 2 Pa.Con. Stat.Ann. §§ 501–508, are triggered. The failure to accord plaintiff these rights assertedly amount to a due process violation.

The lynchpin of this contention is that the decision to fire plaintiff amounted to an "adjudication". Without an "adjudication", no due process rights attach. 2 Pa.Con. Stat.Ann. § 553.

The statute defines "adjudication" as a "final order . . . affecting personal or property *rights* . . . or obligations . . .". 2 Pa. Con.Stat.Ann. § 101. (emphasis added). Interpreting this statutory definition, the Pennsylvania courts have generally held that no "adjudication" occurs when an "at will" public employee, such as plaintiff, is fired. *McCorkle v. Bellefonte Area Board of School Directors,* 41 Pa.Cmwlth. 581, 401 A.2d 371, 374 (1979); *Fair v. Delaney,* 35 Pa.Cmwlth. 103, 385 A.2d 601, 603 (1978); *Amesbury v. Luzerne County Institution District,* 366 A.2d at 633. Therefore, the Pennsylvania Local Agency Law does not aid plaintiff.

Defendants were entitled to fire plaintiff at will, they were not, however, entitled to damage his good name, reputation or future earning capacity. *Board of Regents v. Roth,* 408 U.S. at 573, 92 S.Ct. at 2707; *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971); *McKnight v. Southeastern Pennsylvania Transportation Authority,* 583 F.2d 1229, 1235–39 (3d Cir.1978); *Bartholomew v. Fischl,* 534 F.Supp. 161, 164 (E.D.Pa.1981). *Cf., Goss v. Lopez,* 419 U.S. 565, 575, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975) (Constitutionally protected "liberty" contemplates opportunities for future employment).

Defendants publicly stated that plaintiff was fired due to his inability to get along with his co-employees. *See,* Plaintiff's Opposition To Defendant's Motion For Summary Judgment (Document 39), Exhibits A, C and E. Plaintiff believes that the communication of this information is sufficiently stigmatizing to defeat the motion for summary judgment. We disagree.

*Barr v. Matteo,* 360 U.S. 564, 574–75, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959), held that officials possess limited immunity for disparaging remarks made while acting in their official capacity. *Doe v. McMillan,* 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973), reviewed the *Barr* doctrine in the context of *Board of Regents v. Roth, supra,* and held that immunity for conduct akin to that at bar exists only when local legislatures act within the sphere of "legislative activity". *Doe v. McMillan,* 412 U.S. at 324, 93 S.Ct. at 2030, citing, *Tenney v. Brandhove,* 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951).

This immunity applies to *legislative* actions undertaken by legislative bodies. For example, the decision to abolish a particular municipal post is one deserving of absolute, legislative immunity. *Aitchison v. Raffiani,* 708 F.2d 96, 98–99 (3d Cir.1983). On the other hand, the decision to hire or fire a municipal employee, even when made by a "legislative body", is administrative in nature and deserves only qualified immunity. *Detz v. Hoover,* 539 F.Supp. 532, 534 (E.D. Pa.1982).

■ Hence, *Barr,* as interpreted by *Doe v. McMillan, supra,* offers no absolute shield to defendants; only those statements made purely within the *legislative* sphere are protected and immunized. *Doe v. McMillan,* 412 U.S. at 324, 93 S.Ct. at 2030. Here, plaintiff was fired and defendants' conduct was administrative in nature. *Detz v. Hoover,* 539 F.Supp. at 534. Accordingly, *Barr* immunity, as interpreted by *Doe v. McMillan, supra,* is inapplicable since defendants' remarks were not made within the sphere of *legislative* activity.

Defendants, however, need no cloak of immunity to prevail upon their motion for summary judgment. When plaintiff was deposed, he was unable to recall any instance when any prospective employer said anything regarding the charges which had been made against him. Likewise, no prospective employer ever told plaintiff that he was ineligible for employment as a result of the facts surrounding his departure from Lansdale's employment. In short, plaintiff

has been unable to point to any record evidence to support his claim that defendants' conduct impaired the "liberty" interest which he has in his good name, reputation and earning capacity.

Specifically, plaintiff has been unable to adduce any evidence tending to prove that he has been

> so stigmatized by [defendants'] accusations against him as to have been precluded from other employment opportunities.... Such evidence could relate, for instance, to the employee's applications for employment; the results of any applications; the reasons given, if any, for his lack of success in securing other employment; and the practices among other employers toward hiring

applicants who have been discharged due to a reported inability to harmoniously work with others. *McKnight v. Southeastern Pennsylvania Transportation Authority,* 583 F.2d at 1238. We shall accordingly grant defendants' motion for summary judgment on the "liberty" issue.

Finally, plaintiff's pendent claims shall be dismissed without prejudice to their being transferred, upon motion, to the appropriate state court. *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982).

An appropriate order shall issue.