**Groff Appeal**

*James D. Hagelgans,* for plaintiff.
*Stephen J. Weglarz,* for defendant.

ECKMAN, *J.,* November 8, 1985—Presently before the court is the preliminary objection in the nature of a motion to dismiss petition for appeal for lack of subject matter jurisdiction filed by respondent Lancaster County Board of Commissioners to the petition for appeal filed by petitioner Theodore L. Groff.

Petitioner was employed as assistant director of the Lancaster County Parks and Recreation Department. On or about April 10, 1985, petitioner was notified that he was being terminated from his full-time position. Section 005 of the Lancaster County Personnel Policy Manual states, inter alia, that "[n]o full-time employee shall be terminated except for just cause." Section 006 of the manual outlines a four-step "Grievance and Appeals" policy. The fourth step provides for review of the grievance by a hearing committee, which must consist of a chairman and two other members. In order to deliver an unbiased·decision, the committee will consist of individuals who have no interest or knowledge of the grievance. Within 10 days after review, the committee shall render a final decision, in writing, to the employee and the department head specifying the grounds relied upon·in reaching its conclusions.

By letter dated April 17, 1985, petitioner, who alleges he was terminated without just cause, submitted a grievance to respondent and requested a hearing in accordance with §006 of the personnel manual. Petitioner's request was granted and the hearing was held on May 15, 1985. By letter dated

May 20, 1985, petitioner was notified that the committee unanimously denied his appeal. The committee's decision was based on the fact that petitioner had "failed to take immediate and appropriate action against an employee who was in obvious violation of the law."

On June 19, 1985, petitioner filed the instant petition for appeal pursuant to the Local Agency Law,[1] seeking review of the final decision by respondent. Respondent filed the instant preliminary objection on July 16, 1985. Briefs having been filed by the parties, the matter is ready for disposition.

The gravamen of petitioner's appeal is that the hearing committee failed to comply with the procedures set forth in §006 of the personnel manual and that, for myriad reasons, petitioner's termination was an adjudication which deprived him of a property right without due process of law.[2]

Respondent asserts that petitioner lacked a property right in his employment and that, therefore, respondent's decision to terminate petitioner was not an adjudication within the meaning of §752 of the Local Agency Law, supra, over which this court has authority to hear appeals.[3] Consequently, respond-

---

1. Local Agency Law, Act of April 28, 1978, P.L. 202, §5, 2 Pa.C.S. §551 et seq. and §752, Supplementary Pamphlet.

2. Section 553 of the Local Agency Law, supra, provides, inter alia: " [n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

3. The Judicial Code, Act of July 9, 1976, P.L. 586, §2 et seq., 42 Pa.C.S. §933, supplement, provides, inter alia:

"(a) General Rule.— . . . each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the folllowing cases:

. . .

"(2) . . . under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action . . . .

ent maintains that this court lacks subject matter jurisdiction over the instant petition for appeal. For the following reasons, we agree.

Section 752 of the Local Agency Law, supra, provides, in pertinent part, as follows:

"Any person aggrieved by an *adjudication* of a local agency . . . shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals. . . ." (Emphasis supplied.)

"Adjudication" is defined, *inter alia,* as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or *property rights* . . . of any or all of the parties to the proceeding in which the adjudication is made."[4] (Emphasis supplied.)

In determining whether respondent's decision to terminate petitioner was an adjudication within the meaning of the Local Agency Law and reviewable by this court, the dispositive issue is whether petitioner had a property right in his employment. A property right in public employment is an expectation of continued employment guaranteed by statute or contract. Gough v. Borough of Norristown, 66 Pa. Commw. 401, 444 A.2d 839 (1982). It is well settled in Pennsylvania that public employees gain an enforceable expectation of continued employment through legislative action, Scott v. Philadelphia Parking Authority, 402 Pa. 151, 166 A.2d 278 (1960); Pivarnik v. Commonwealth Department of Transportation, 82 Pa. Commw. 42, 474 A.2d 732 (1984).

The Pennsylvania Supreme Court in Scott stated:

"Tenure in public employment, in the sense of having a claim to employment which precludes dis-

---

4. Local Agency Law, supra, 2 Pa.C.S. §101, Supplementary Pamphlet.

missal on a summary basis, is, where it exists, a matter of legislative grace. . . . Furthermore, where the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating." Scott v. Philadelphia Parking Authority, supra, 402 Pa. at 154, 155. Petitioner points to no legislative enactment granting him tenure. Instead, petitioner argues that the personnel manual gave him a property right in continued employment because it provides that he can be dismissed only for cause.

Petitioner's argument is without merit. Public employees in Pennsylvania are generally employed at will and can be discharged at any time. Hoffman v. Montour County, 50 Pa. Commw. 101, 411 A.2d 1319 (1980); Amesbury v. Luzerne County Institution District, 27 Pa. Commw. 418, 366 A.2d 631 (1976). In the absence of a legislative provision for tenure of a given class of employees, a public employee in Pennsylvania has no contractual entitlement to be dismissed only for cause. Clyde v. Thornburgh, 533 F. Supp. 279 (E.D., Pa. 1982), citing Mahoney v. Philadelphia Housing Authority, 13 Pa. Commw. 243, 320 A.2d 459 (1974), cert. denied, 419 U.S. 1122 (1975). An employment contract with a municipal entity which purports to secure employment for a specified length of time does not alter the rule. Skrocki v. Caltabiano, 568 F.Supp. 703 (E.D., Pa. 1983).

In Skrocki, the court stated the reason for the rule is that, absent explicit legislative authority:

"Municipal entities have no authority to whimsically 'contract away' the 'sound principles of law and public policy . . . fundamental to a scheme of good government.'" Id. at 705, quoting Scott v. Philadelphia Parking Authority, supra, 402 Pa. at 157. Furthermore, the court "is not the appropriate

forum in which to review the multitude of personnel decisions that are made daily by public agencies." Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Whether petitioner is to enjoy a property right in his employment is a decision for the state legislature, not for this court. See Banks v. Redevelopment Authority of the City of Philadelphia, 416 F.Supp. 72 (E.D., Pa. 1976).

In support of the proposition that the Lancaster County Personnel Manual gave him a property right in his employment, petitioner relies on Appeal of Colban, 58 Pa. Commw. 104, 427 A.2d 313 (1981), and DeFrank v. County of Greene, 50 Pa. Commw. 30, 412 A.2d 663 (1980). The decisions in Colban and DeFrank were based on principles of estoppel and are distinguishable from the instant case. Colban and DeFrank simply held that, where an employee manual guarantees a right to a hearing, the employer (a municipal entity in each case) is estopped from denying the validity of its manual and is bound to provide a hearing. Petitioner's appeal in the instant case is not based on principles of estoppel. Furthermore, unlike the complainants in Colban and DeFrank, petitioner was afforded a hearing in accordance with §006 of the personnel manual.

Petitioner further contends that the court in Colban held that implicit in the provisions of the county employee manual is "a form of guarantee of employment during unoffending conduct or until after being thrice warned of a minor infraction." Appeal of Colban, supra, 58 Pa. Commw. at 107. The Commonwealth Court, however, in referring to its decision in Colban, emphasized:

"We did *not* hold that the employee handbook was a contract granting the employee a property right in his employment." (Emphasis in original.)

Pivarnik v. Commonwealth Department of Transportation, supra, 82 Pa. Commw. at 46.

Abraham v. Pekarski, 537 F.Supp. 858 (E.D., Pa. 1982), aff'd 728 F.2d 167 (3d Cir. 1984) and Perri v. Aytch, 724 F.2d 362 (3d Cir., 1983), cited by petitioner, are not to the contrary because tenure in each case was of legislative origin. In Abraham, plaintiff's property right in his employment was created by local ordinance. In Perri, the power of the Pennsylvania judiciary to create a property interest in its workers' employment was authorized by the Pennsylvania Constitution.

Finally, petitioner's reliance on Banas v. Matthews International Corp., no. 1532/83, Slip Op. (June 15, 1984), and Richardson v. Charles Cole Memorial Hospital, 320 Pa. Super. 106, 466 A.2d 1084 (1983), is misplaced. First, the Banas case cannot be cited as precedent since the Pennsylvania Superior Court granted a rehearing on August 16, 1984, which is presently pending and vacates the decision. See Internal Operating Procedures for the Superior Court, V. Disposition of Appeal, 11,[5] petition for reargument or reconsideration. In any event, our decision in the instant case is dictated by the rules governing public employment situations. Both Banas and Richardson involved private employment and are inapposite to the present case.

Accordingly, we enter the following

## ORDER

And now, November 8, 1985, the court sustains the preliminary objection in the nature of a motion

---

5. The Banas case was heard by the full panel of the Superior Court, whose decision is reported at 348 Pa. Super. 464, 502 A.2d 637 (1985). The decision of the three-judge panel, dated June 15, 1984, was not published due to the granting of rehearing.

to dismiss petition for appeal for lack of subject matter jurisdiction filed by respondent Lancaster County Board of Commissioners to the petition for appeal filed by petitioner Theodore L. Groff and hereby dismisses the petition for appeal.