NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1095
_____

DAVID K. MCMULLIN,
Appellant

v.

BOB CRANMER, individually and as a Commissioner of the Allegheny County Board of
Commissioners; MIKE DAWIDA, individually and as a Commissioner of the Allegheny
county Board of Commissioners; LARRY DUNN, individually and as a Commissioner of
the Allegheny County Board of Commissioners; COUNTY OF ALLEGHENY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 99-cv-01959)
District Judge:  The Honorable William L. Standish
_____

ARGUED OCTOBER 21, 2005

BEFORE: SMITH, BECKER, and NYGAARD, Circuit Judges.

(Filed:  December 23, 2005)
_____

James T. Carney, Esq.  (ARGUED)
Spilman, Thomas & Battle
301 Grant Street
One Oxford Centre, Suite 3440
Pittsburgh, PA 15219
          Counsel for Appellant

Caroline P. Liebenguth, Esq. (ARGUED)
Office of Allegheny County Law Department
445 Fort Pitt Boulevard
300 Fort Pitt Commons Building
Pittsburgh, PA 15219
                    Counsel for Appellee

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge

**I.**

The District Court granted summary judgment in favor of Allegheny County on Appellant McMullin's wrongful discharge claim. The District Court later entered judgment on a verdict in favor of defendants on McMullin's 42 U.S.C. § 1983 claims following a jury trial. McMullin raises three issues on appeal. McMullin argues that the District Court erred by granting the County summary judgment on his claim that he was improperly discharged by County Manager Cannon because the Commissioners had not consented to his termination. He also contends that the District Court erred by excluding evidence that his position was a state mandated position and evidence by which he intended to show that he was terminated as part of a purge of Dunn supporters. Finally, McMullin appeals the District Court's refusal to charge the jury that the Director of Veterans' Affairs position was required by the Second Class County Code, 16 P.S. § 5123. We will affirm.

2

**II.**

The authorization that granted the County Manager power to terminate with the consent of the County Commissioners specifies neither when nor how consent must be given. Consequently, even though their consent came post-termination, it was proper. Furthermore, personnel matters are administrative functions and may be properly delegated by elected County Commissioners. *See DeFrank v. County of Greene*, 412 A.2d 663 (Pa. Commw. Ct. 1980).

Under Pennsylvania law, McMullin was an at-will employee. Pennsylvania law generally does not recognize a cause of action for termination of an at-will employment relationship. The Pennsylvania Supreme Court has "steadfastly resisted any attempt to weaken the presumption of at-will employment in this Commonwealth." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 290 (Pa. 2000). Courts have recognized exceptions only for implied contract claims based on representations made in an employee handbook and for public policy claims. *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333 (Pa. 1995). The District Court found no evidence to show that either exception applied to McMullin. Indeed, there is evidence in the record that McMullin was terminated due to budget constraints.[1]

---

1. At the time of McMullin's termination in December 1997, Allegheny County was dealing with a fiscal crisis because expenditures exceeded revenues and a reduction in its bond rating which indicated instability to investors and made it more expensive for the County to borrow money. County government decided to reduce costs to balance the budget, and since unfunded personnel were one of the greatest costs for the County, it

(continued...)

3

Next, the section of the Second Class County Code allegedly violated with regard to McMullin's official discharge document does not entitle him to bring a private right of action for wrongful termination. Instead, this section addresses the execution of official instruments and mentions neither County employees nor the termination of County employment. *See* 16 P.S. § 3503. Hence, the District Court properly granted summary judgment on this claim.

At the trial on McMullin's § 1983 claims, the District Court properly excluded as irrelevant evidence that Pennsylvania law mandates that the position of Director of Veterans' Affairs always be filled. The record does not show that any County employee involved in McMullin's termination even knew the statute existed. The exclusion of this evidence was well within the discretion afforded to the trial court under Fed. R. Evid. 402.[2]

---

1.      (...continued)
terminated a number of employees (approximately 80 to 100 in the fall of 1997 alone). "Unfunded" positions were those positions not subsidized by the state or federal governments but instead funded from County taxes. "Funded" positions were those paid for by either the state or federal government which approved a particular project and needed personnel to staff it. Obviously, eliminating funded positions would not increase County revenue but eliminating unfunded positions would. Certain areas of the County government saw personnel increase (*i.e.,* Allegheny County Jail) while other areas saw personnel decrease (*i.e.,* Division of Veterans' Affairs). *See generally* Joint Appendix 388-404 (Direct and cross examination of Mr. Carmen Torockio, former Allegheny County Budget Director, describing how the County planned to reduce the deficit by reducing unfunded personnel).

2.      Judge Becker believes that this evidence was relevant but that its exclusion was harmless error.

Testimony by McMullin and Commissioner Dunn alleging that Dunn supporters were terminated because of their political affiliation was properly excluded. Such evidence could arguably be relevant, but McMullin's proffer was inadequate to support his contention that this evidence should have been introduced to the jury. McMullin sought to introduce evidence that only a handful of employees were terminated for political reasons, when as many as 1,000 employees left their jobs in all. Furthermore, McMullin did not sufficiently explain the link between the employees' political affiliation and their termination. Last, McMullin's proffered testimony from Dunn, lacking any specifics, was vague and without a proper foundation. Therefore, the District Court acted within its discretion in excluding the evidence.

### III.

We conclude that summary judgment was properly granted to Allegheny County on McMullin's wrongful discharge claim and that the evidence he sought to introduce at trial on his § 1983 claims was properly excluded. The order of the District Court will be affirmed.

5