

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Nychis v. Cranmer

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nychis v. Cranmer" (2007). *2007 Decisions.* Paper 1424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3324

———————

PETER G. NYCHIS;
ADRIENNE YOUNG; DAVE DONATO;
DENNIS CMAR; SHEILA TIBBS;
HARRY SIMERAL; WILLIAM DAVIS; JOHN L. DEFAZIO, JR.;
NAT MASTRO; DOROTHY SUSKA;
AUBREY KIRKLAND; DAVID K. MCMULLIN;
NORAH ANN KRUSHINSKI

v.

BOB CRANMER, individually and as Commissioner of the
Allegheny County Board of Commissioners; MIKE DAWIDA,
individually and as a Commissioner of the Allegheny County
Board of Commissioners; COUNTY OF ALLEGHENY; LARRY DUNN,
individually and as a Commissioner of the Allegheny County
Board of Commissioners

(D.C. No. 98-cv-01507)


NORAH ANN KRUSHINSKI

v.

BOB CRANMER, individually and as Commissioner of the
Allegheny County Board of Commissioners; MIKE DAWIDA,
individually and as a Commissioner of the Allegheny County
Board of Commissioners; COUNTY OF ALLEGHENY

(D.C. No. 99-cv-00974)

Adrienne Young; Dave Donato; Dennis Cmar;
Harry Simeral; William Davis; John L. DeFazio, Jr.;
Nat Mastro; Dorothy Suska,

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 98-01507)
Honorable William L. Standish, District Judge

Submitted under Third Circuit LAR 34.1(a)
March 16, 2007

BEFORE: FUENTES, GREENBERG, and LOURIE,* Circuit Judges

(Filed: March 28, 2007)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on the appeal of Nat Mastro, Dennis Cmar, John Defazio, Jr., William Davis, David Donato, and Harry Simeral from an order entered in the district court on November 14, 2003, granting defendants-appellees Bob Cranmer, Mike Dawida and the County of Allegheny summary judgment on claims that appellants asserted under 42 U.S.C. § 1983, and on appeal from an order entered in the district court on July 19, 2004, entering judgment in favor of appellees on state-law

---

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

wrongful discharge claims appellants asserted against them. Mastro has filed a counseled brief and the other appellants have joined in a pro se brief. We note that the pro se brief has also been filed on behalf of Adrienne Young who originally was an appellant but that after the brief was filed she was dismissed as a party to the appeal by stipulation. The pro se brief also was filed on behalf of Norah Kruschinski but inasmuch as she never has been a party to this appeal the brief is a nullity as to her.

The district court set forth the background of this matter in its memorandum opinion of November 14, 2003, its case management order of May 28, 2004, and its memorandum opinion of July 16, 2004, entered July 19, 2004, and therefore it is necessary only to summarize what the court held. In its November 14, 2003 memorandum and accompanying order the court granted appellees summary judgment on appellants' section 1983 claims but granted appellants partial summary judgment on their wrongful discharge claims on the ground that the method of their discharge did not comply with state and local law and procedure. At that time, however, the court did not determine if appellants were entitled to relief. In its July 19, 2004 memorandum opinion the court held that even though appellees did not follow proper procedure in discharging appellants they were at will employees and had no remedy by reason of procedural mistakes in their discharge. Thus, the court entered judgment for appellees and this appeal followed.

On this appeal we have jurisdiction under 28 U.S.C. § 1291 and exercise plenary

3

review.  See Elliot & Frantz, Inc. v. Ingersoll-Rand Co., 457 F.3d 312, 318 (3d Cir. 2006).  We observe that there have been two other cases before us dealing with some of the same circumstances that have given rise to this litigation.  See McMullin v. Cranmer, 159 Fed. Appx. 422 (3d Cir. 2005); Contini v. Cranmer, 117 Fed. Appx. 186 (3d Cir. 2004).

The basis for appellants' section 1983 claims is that they were unlawfully discharged for political reasons.  There is no question but that in a case of this kind the discharged employee bringing a section 1983 action must demonstrate that his political affiliation was a substantial or motivating factor for the adverse employment decision.  See Goodman v. Pennsylvania Turnpike Comm'n, 293 F.3d 655, 663-64 (3d Cir. 2002); Laskaris v. Thornburgh, 733 F.2d 260, 265 (3d Cir. 1984).  Thus, a public employee is not insulated from discharge or other adverse employment action merely because he is on the opposite side of a political fence from his employing authority.

Here the district court held that the appellants simply did not present evidence sufficient to survive a summary judgment motion against them to support their claim that their political affiliation was a substantial or motivating factor in the decisions to discharge them.  The district court set forth the evidence in great detail and we see no reason to repeat it as we are in full agreement with its conclusions.

Finally, we reject the unlawful discharge claim.  In this regard we are in agreement with McMullin that there is no private cause of action for the technical violation involved. While we realize that McMullin was a not precedential opinion and certainly in view of

Third Circuit IOP 9.1 is not binding on this panel, we adopt its reasoning as our own on a de novo basis.

For the foregoing reasons the orders of November 14, 2003, and July 19, 2004, will be affirmed.