Frank T. Hazel, Esquire, District Attorney of Delaware County and the County of Delaware, Appellants *v.* Lou J. D'Iorio, Appellee.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert A. Graci,* Assistant District Attorney, with him *Francis P. Connors,* County Solicitor, and *Harry J. Bradley,* Assistant County Solicitor, for appellants.

*John M. Gallagher, Jr., Richard, Brian, DiSanti & Hamilton,* for appellee.

OPINION BY JUDGE MENCER, August 7, 1981:

Lou J. D'Iorio (D'Iorio) was hired as a detective in the Criminal Investigation Division of the Delaware County District Attorney's Office in March 1970. At no time has D'Iorio had a written contract of employment with either Delaware County or the District Attorney of Delaware County.

On February 27, 1976, D'Iorio was discharged from his position by District Attorney Frank Hazel after being accused that he had been associating with known criminals. On December 13, 1976, he filed a complaint in assumpsit in the Court of Common Pleas of Delaware County in which he alleged that he had not been discharged in accordance with the procedures mandated by the Delaware Home Rule Charter (Charter). D'Iorio discontinued this lawsuit on April 12, 1977.

On April 7, 1977, D'Iorio filed a civil rights Section 1983 action, 42 U.S.C. §1983, in federal district court, alleging that his discharge violated his 14th-amendment rights. The district court concluded that D'Iorio's discharge was in violation of the procedures established by the Charter for termination of county employees and ordered D'Iorio reinstated as a detective, with back pay. On appeal, the United States Court of Appeals, Third Circuit, reversed, concluding that federal court abstention is required until relevant state-law issues have been decided by Pennsylvania courts. *D'Iorio v. County of Delaware,* 592 F.2d 681 (3d Cir. 1978).

Thereafter, on March 6, 1979, D'Iorio filed a complaint in mandamus in the Court of Common Pleas of Delaware County. This complaint was amended, and the District Attorney and the County of Delaware filed preliminary objections which were denied and dismissed. Following the filing of answers with new matter, D'Iorio filed a motion for judgment on the pleadings which was granted by the lower court on December 17, 1979. This appeal followed.

D'Iorio's action in mandamus sought his reinstatement as a county detective, with back pay and associated fringe benefits to February 27, 1976. Mandamus lies where there is a clear legal right in the plaintiff and a corresponding duty in the defendant and the act requested is not discretionary but only ministerial, but mandamus will not lie to control an official's discretion or judgment where that official is vested with a discretionary power. *Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621 (1973).

We conclude that mandamus relief is improper in this instance. Plaintiff has not shown "a 'clear legal right' with a 'corresponding duty' owed." *Skok v. Hoch,* 3 Pa. Commonwealth Ct. 640, 642 (1971).

D'Iorio's claim that he could be terminated from his employment only by action of the county council is founded upon Section 1211(b) of the Charter, which provides as follows: "All employees of the county on December 31, 1975, except those holding offices abolished by this charter, shall continue in employment, at rates of compensation during the year 1976 not lower than their salary levels existing on December 31, 1975, until succeeded or removed by action of Council."

Agreeing with D'Iorio's contention, the lower court granted him the relief which he sought in his complaint in mandamus. However, D'Iorio's right to relief becomes less clear when one considers Section 503(c) of the Charter, which vests the District Attorney with power to oversee and supervise the employment of county detectives. This section reads as follows: "The District Attorney may appoint and supervise county detectives who shall have all powers presently conferred by Commonwealth law, who shall be general police officers and shall have all powers conferred on constables by existing laws of the Commonwealth so far as they relate to crime or criminal procedures."

The district attorney's power to appoint and supervise includes the power to discharge. In one of the very early cases decided by this Court, we stated: "It is basic in the law of this Commonwealth, stemming from Article VI, Section 7 (formerly Section 4), of the Pennsylvania Constitution, that the employe's superior having the power to appoint to the position has the power of removal." *Moore v. Commonwealth*, 1 Pa. Commonwealth Ct. 73, 75, 272 A.2d 283, 283 (1970). *See Suermann v. Hadley*, 327 Pa. 190, 193 A. 645 (1937); *Webb v. Thornburgh*, 52 Pa. Commonwealth Ct. 523, 415 A.2d 1022 (1980). Therefore, we conclude that Section 503 is a specific exception to Section 1211

(b) of the Charter, and the District Attorney was acting within his power when he discharged D'Iorio.

D'Iorio's right to relief becomes even less clear when we consider that the legislation providing for the adoption of home rule charters, the Home Rule Charter and Optional Plans Law, Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §1-101 *et seq.*, provides, in relevant part, that "[a]ll acts and parts of acts, local, special, or general, affecting the organization, government and powers of [a municipality adopting a home rule charter] which are not inconsistent or in conflict herein, shall remain in full force until modified or repealed as provided by law." *Id.* §401, 53 P.S. §1-401.

In keeping with this provision, Section 501 of the Charter states:

> The District Attorney shall be elected to a four year term. Except as otherwise provided in this charter, the District Attorney shall have all the powers and duties granted by Commonwealth law, by laws applicable to counties of the Second Class A for District Attorneys, by this charter or by ordinance of Council.

The Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §3101 *et seq.*, which established the form of government in Delaware County prior to adoption of the Charter, states: "The district attorney may appoint one chief county detective, an assistant chief county detective, and as many county detectives, sergeant, special county detectives and junior county detectives as the salary board shall fix." *Id.* §1440(a), 16 P.S. §4440(a).

These employees could be terminated in accordance with the provisions of Section 450(b) of the Second Class County Code, 16 P.S. §3450(b), which reads: "Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power, except as otherwise

expressly provided by law, and they shall also be removed on conviction of misbehavior in office or of any infamous crime."

We must and do conclude that, in accordance with Section 501 of the Charter, the above-quoted provisions of the Second Class County Code continue to authorize and empower a district attorney to discharge a county detective.[1]

Accordingly, since the district attorney and not the county council possesses the power to discharge a county detective, our holding in *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976), has application here.[2] In

---

[1] In *Commonwealth ex rel. Specter v. Freed*, 424 Pa. 508, 228 A.2d 382 (1967), it was held that the Philadelphia Home Rule Charter does not affect the manner in which the district attorney shall discharge the functions and duties of his office. Our Supreme Court stated: "[W]e have arrived at this view because we believe that neither the Constitution nor the statutes of this Commonwealth have ever granted Philadelphia or any other political subdivision of Pennsylvania authority to alter or interfere with the district attorney's conduct of law enforcement activities." *Id.* at 512, 228 A.2d at 383.

[2] D'Iorio contends that the County of Delaware should be estopped here, as was the County of Greene in the case of *DeFrank v. County of Greene*, 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980). However, *DeFrank* is distinguishable from the instant case. In *DeFrank*, a director of nursing at a county-operated home was discharged without a hearing. The employee claimed that her right to a hearing was guaranteed by a personnel policy manual covering employees at the facility at the time of her discharge. After distinguishing our holding in *Amesbury v. Luzerne County Institution District, supra*, this Court held that county commissioners, having represented to employees that they had assurance of job security and the right to a hearing on complaints or problems, were estopped to deny hearing to an employee being discharged. Not only is the presence of an employees' manual missing in this case, but Sections 501 and 503 of the Charter provide that the power to discharge county detectives is retained by the district attorney. Consequently, the County of Delaware had no prerogative, relative to the discharge of D'Iorio, as to which it could be estopped.

*Amesbury,* we held that an employee of a county institution district, who had been given no guarantee of continued employment by statute or contract, was an employee at will without a property interest in continued employment and could be dismissed by the appointing authority without a hearing. In the instant case, D'Iorio has no contract guaranteeing him continued employment and, since we have concluded that Sections 501 and 503 of the Charter remove county detectives appointed by a district attorney from being subject to the provisions of Section 1211(b) of the Charter, he also has no statutory guarantee to continued employment. Therefore, the provisions of the Charter vesting the county council with interim power to discharge county employees did not apply to D'Iorio, a county detective. Further, the provisions of the Charter authorizing promulgation of an administrative code by December 31, 1976, which was finally adopted on July 5, 1978, to become effective on July 15, 1978, cannot be construed to have retroactive effect and to confer on D'Iorio a property right as of February 27, 1976, the date of his discharge. *Bishop v. Wood,* 426 U.S. 341 (1976).

In summary, we conclude that D'Iorio was an employee at the will and pleasure of the District Attorney of Delaware County, who had the power to discharge him, and that D'Iorio had no property right in continued employment as a county detective that would prevent his being discharged summarily without a hearing. Therefore, he lacked any right, clear or otherwise, that would entitle him to the relief which he sought and received in his action in mandamus.

Order reversed.

## Order

AND Now, this 7th day of August, 1981, the order of the Court of Common Pleas of Delaware County,

dated December 17, 1979, granting Lou J. D'Iorio's motion for judgment on the pleadings, is hereby reversed.

Judge WILKINSON, JR. did not participate in the decision in this case.